Thomas R. **SHERWOOD**, et al., Appellants

v.

The **WASHINGTON POST**.

No. 88–7042.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 10, 1989.

Decided April 11, 1989.

Robert E. Paul, with whom Eugene R. Fidell, Washington, D.C., was on the brief, for appellants.

John G. Kester, Washington, D.C., for appellee.

Before ROBINSON, EDWARDS, and SENTELLE, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

The appellant, Thomas R. Sherwood, a reporter for the Washington Post ("appellee" or "the Post"), brought this action against the Post claiming that he was entitled to overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 213(a)(1) (1982). On cross-motions for summary judgment, the District Court found that Sherwood was employed "in a bona fide ... professional capacity" within the meaning of section 13(a)(1) of the FLSA, and therefore was exempt from the provisions of the statute requiring overtime pay. The appellant argues that, since facts material to the determination of professional status were controverted, the case could not be decided on summary judgment and the District Court thus erred in failing to direct the parties to proceed to trial. We agree.

■ The appellee argues that "the District Court's findings are binding unless 'clearly erroneous' under Rule 52(a), Fed.R. Civ.P." Brief for Appellee at 8. This assertion is dead wrong. This case was decided by the District Court on a motion for summary judgment under Rule 56, FED.R. CIV.P. 56. A summary judgment is upheld on appeal only where there is no genuine issue of material fact and, viewing the evidence in the light most favorable to the appellant, the appellee is entitled to prevail as a matter of law. See, e.g., Byers v. Burleson, 713 F.2d 856, 859 (D.C.Cir.1983). In other words, the appellate court must determine whether any genuine issues of material fact exist, or, if not, whether the law was properly applied. And the party against whom summary judgment was granted has the benefit of all reasonable evidentiary inferences that can be drawn in his favor. See McConnell v. Howard University, 818 F.2d 58, 59 n. 1 (D.C.Cir. 1987). The "clearly erroneous" standard of Rule 52(a) is not applicable in connection with a review of a summary judgment.

Toney v. Bergland, 645 F.2d 1063, 1066 (D.C.Cir.1981); Tygrett v. Washington, 543 F.2d 840, 844 n. 17 (D.C.Cir.1974).

Because we find that the District Court was faced with genuine issues of material fact, inappropriate for disposal on summary judgment, we reverse and remand for a trial on the merits.

## I. BACKGROUND

Sherwood came to The Washington Post in 1974, after having served as a reporter and editor for the Atlanta Constitution for ten years. He also worked briefly as an administrative assistant to a Member of Congress. Sherwood reports for the Post, a daily newspaper, with his by-line appearing on most of his stories. His reporting duties involve originating story ideas, deciding on what facts to gather, organizing the facts in a way comprehensible to the general reader, and exercising judgment in deciding what information to include in stories and whether to expand or drop a story. See Joint Appendix ("J.A.") at 168–71.

On October 1, 1986, Sherwood filed a complaint in District Court charging the Post with violations of the FLSA. The suit challenged the Post's refusal to pay overtime, as required by the FLSA, when an employee works more than forty hours in any week. The Post responded that Sherwood, like other Post employees who joined the suit, was exempt from the FLSA overtime provisions because he was "employed in a bona fide ... professional capacity." 29 U.S.C. § 213(a)(1).

In order to bring the legal issues into focus, the parties agreed to limit discovery to a representative group of twenty plaintiffs and to bifurcate the issues so that the "professional" status of reporters/editors would be considered separately from that of photographers. The parties also agreed to waive jury trial and to submit the facts to the District Court to determine whether the respective groups were exempt from the FLSA overtime provisions. The parties developed a detailed record, deposed thirteen reporter/editor plaintiffs, took depositions from the Editor and the Managing

Editor of the Post, and submitted numerous affidavits and other materials.

Upon completion of discovery, both parties moved for summary judgment. In addition to the record compiled by the parties, Sherwood filed a statement of genuine issues in which he contested certain Post portrayals of the material facts, particularly the characterization of his work as original and creative. *See* Plaintiff's Statement of Genuine Issues, *Sherwood v. Washington Post*, 677 F.Supp. 9 (D.D.C.1988) (No. 88-2701); J.A. 1242-44. The Post filed a statement, in turn, challenging Sherwood's account of the material facts. *See* Response to Plaintiff's Statement of Material Facts in Support of Summary Judgment, *Sherwood*, 677 F.Supp. 9; J.A. 1245.

On January 13, 1988, the District Court entered summary judgment for the Post. *See Sherwood v. Washington Post*, 677 F.Supp. 9 (D.D.C.1988). The trial court purported to find that there were no genuine issues of material fact as to the thirteen deposed reporter/editor plaintiffs, who were professional employees within the meaning of the FLSA. However, in sorting through the "detailed record" and the "elaborately documented cross-motions for summary judgment," *id.* at 9, the District Court found it "undisputed" that the thirteen reporters/editors "produce original and creative writing of high quality within the meaning of the regulations" and that "their performance as writers is individual, interpretative and analytical both in the writing itself and in the process by which the writing must be prepared." *Id.* at 14. Moreover, the trial court commented that payment for overtime may not be gained "by the plaintiffs' depreciation of the creative, responsible work they perform at the Post." *Id.* at 15. Applying the FLSA exemption for artistic professions, which exempts as "professional" any employment that is "original and creative" in character and the result of which "depends primarily on the invention, imagination, or talent of the employee," 29 C.F.R. § 541.303 (1987),

the District Court ruled that the thirteen reporters/editors were "professionals" under the Act and, thus, were not entitled to overtime payments. The instant appeal followed.[1]

## II. ANALYSIS

■ Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is upheld on appeal only "where there is no genuine issue of material fact, and, viewing the evidence in the light most favorable to the nonmoving party, the movant is entitled to prevail as a matter of law." *Byers*, 713 F.2d at 859 (citations omitted). Accordingly, in our review of summary judgment, "the party against whom summary judgment was granted has the benefit of all reasonable evidentiary inferences that can be drawn in his favor." *Toney*, 645 F.2d at 1066 (citation omitted).

The parties seem to agree that the legal standard for determining whether Sherwood's job comes within the professional exemption under the FLSA is whether his work is *predominantly* original or creative. *See* 29 C.F.R. § 541.3(a)(2). The regulation implementing the FLSA provides:

> The term "employee employed in a bona fide ... professional capacity" in section 13(a)(1) of the Act shall mean any employee:
>
> (a) Whose *primary duty* consists of the performance of:
>
> \* \* \* \* \* \*
>
> (2) Work that is original and creative in character in a recognized field of artistic endeavor (as opposed to work which can be produced by a person endowed with general manual or intellectual ability and training), and the result of which depends primarily on the invention, imagination, or talent of the employee....

*Id.* (emphasis added). Moreover, interpretations issued by the Department of Labor provide that "[n]ewspaper writing of the

---

1. By order entered September 8, 1988, this court dismissed all appellants other than Sherwood for failure to comply with Rule 3(c) of the Federal Rules of Appellate Procedure. On No-

vember 10, 1988, the court denied the appellants' Petition for Rehearing and Suggestion for Rehearing En Banc.

exempt type must ... be *'predominantly original and creative in character.'* Only writing which is analytical, interpretative or highly individualized is considered to be creative in nature." *See id.* § 541.303(f)(1) (emphasis added).[2] Under the foregoing interpretations of the statute, a person's job is "professional" by virtue of being original or creative only when the original or creative aspects constitute the *primary* or *predominant* functions of the job.[3]

The District Court sought to apply this legal standard in disposing of the case on summary judgment. However, in doing so, the trial court made critical *findings* with respect to material facts. For example, the trial court found that it is "undisputed" that reporters "produce original and creative writing of high quality within the meaning of the regulations" and that "their performance as writers is individual, interpretative and analytical." 677 F.Supp. at 14. This finding resolves one of the principal disputes between the parties, and is surely not based on an "undisputed" record on this point.

In Plaintiffs' Statement of Genuine Issues, Sherwood specifically "contest[s] defendant's statement of material facts," stating, among other things, that "[w]hile the work of Post journalists involves intellectual activity, plaintiffs' work is not predominantly intellectual to the extent that the Post claims such work to be predominantly original, creative or analytical." J.A. 1242. Indeed, Sherwood recounted in the record that "[i]f you are accurate, brief, and clear, then you have performed your job to report information." J.A. 218. He also pointed out that the Post separately labels news stories that are creative or analytical as "news analysis" or "commentary," J.A. 506–07, and that he has had relatively few stories identified as such in the newspaper. In response to Sherwood's claims, the Post asserted that "[r]eporters and editors at the Post are expected to and do produce original and creative reporting on news events." J.A. 1250. Thus, the parties sharply disagreed over whether Sherwood's reporting is original or creative, and whether it is predominantly so.

▪ On a motion for summary judgment, the District Court cannot deny the existence of disputes over material facts by making findings of fact and then labelling them "undisputed." Nor is the trial court free to make critical findings of fact in deciding a motion for summary judgment. In acting on a motion for summary judgment, "[t]he court's function is limited to ascertaining whether any factual issue pertinent to the controversy exists; it does not extend to resolution of any such issue." *Nyhus v. Travel Management Corp.*, 466 F.2d 440, 442 (D.C.Cir.1972) (footnote omitted).[4] Accordingly, the District Court must

---

**2.** The Department of Labor interpretations also suggest that

> (1) ... [n]ewspaper writers commonly performing work which is original and creative within the meaning of § 541.3 are editorial writers, columnists, critics, and "top flight" writers of analytical and interpretative articles.
> (2) The reporting of news, the rewriting of stories received from various sources, or the routine editorial work of a newspaper is not predominantly original and creative in character within the meaning of § 541.3 and must be considered as nonexempt work....

Section 541.303(f)(1) & (2).

**3.** We leave it to the District Court to decide in the first instance what difference there is, if any, between "primary" and "predominant" in the application of the original and creative professional exemption.

**4.** The appellee, somewhat disingenuously, attempts to characterize the trial court's decision as a judgment on a stipulated record, thus subject to limited review under the "clearly erroneous" standard of Rule 52(a). It is true that, "[i]n some circumstances cross-motions for summary judgment ... may be treated for purposes of review as a mutual request for trial on [a] stipulated ... record." *Toney*, 645 F.2d at 1066. But "[h]ere ... the language of the district court's opinion and the papers of the parties indicate that a true summary judgment was intended. We therefore apply a standard of review that requires us to reverse if the ... record fails to preclude a genuine issue of material fact." *Id.* (citation omitted).

Furthermore, contrary to what appellee asserts, it does not matter that the District Court was faced with *cross*-motions for summary judgment. "The rule governing cross-motions for summary judgment ... is that neither party waives the right to a full trial on the merits by filing its own motion; each side concedes that no material facts are at issue only for the purposes of its own motion." *McKenzie v. Sawyer,*

either establish that there are no genuine issues of material fact, thus warranting summary judgment, or try the case fully, so that its findings may be reviewed under Rule 52 of the Federal Rules of Civil Procedure. In the instant case, the trial court did neither.

## III. CONCLUSION

On the record before us, we cannot uphold the summary judgment. Drawing all evidentiary inferences in favor of the appellant, as required, it is certainly debatable whether Sherwood's work is *primarily*

original and creative. Because we find that the District Court faced a genuine issue of material fact, we reverse the District Court's grant of summary judgment for the Post and remand the case for trial on the merits.[5]

*Reversed.*

684 F.2d 62, 68 n. 3 (D.C.Cir.1982). Even assuming, *arguendo,* that the parties sought to "concede" that no material facts were at issue when they filed cross-motions for summary judgment, the District Court obviously rejected the suggestion in advancing independent findings of fact in support of summary judgment for the Post.

5. We offer no view on the merits of this case. We simply hold that the case was improperly decided on summary judgment.