James G. ABOUREZK, Appellant,

v.

NEW YORK AIRLINES, INC.

No. 89–7062.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 2, 1990.

Decided Feb. 16, 1990.

Malea Kiblan, for appellant.

James W. Greene, II, with whom James F. Bromley, Washington, D.C., was on the brief, for appellee.

Before MIKVA, EDWARDS and SILBERMAN, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM.

James G. Abourezk appeals the district court's grant of summary judgment in favor of New York Airlines in his suit claiming false imprisonment and infliction of emotional distress. 705 F.Supp. 656. Abourezk also challenges the district court's refusal to address the issue of punitive damages. We affirm.

I

Appellant Abourezk made a reservation to fly from Washington National airport to New York on October 3, 1985 on New York Air Flight 28. Flight 28 was cancelled, and Abourezk boarded New York Air Flight 30, scheduled to depart from Washington to New York at 4:30 p.m. on October 3. Flight 30 left the gate at about 4:35 p.m. and was then delayed on the runway for over three hours before taking off for New York. Flight 30 arrived at New York's LaGuardia Airport at 8:35 p.m. As a consequence of this delay, Abourezk's purpose in going to New York—attending a reception at the United Nations being given to honor one of his clients—was completely frustrated.

During the delay before takeoff at Washington National, Abourezk asked Flight 30's captain three times to allow him to deplane. Citing a variety of safety and operational concerns, the captain denied all of Abourezk's requests to deplane.

Abourezk filed suit in federal district court on December 20, 1985, asserting that New York Air was liable to him for false imprisonment and infliction of emotional distress. Abourezk also sought punitive damages. After extensive discovery, the parties filed cross-motions for summary judgment; the district court granted New York Air's motion.

In a memorandum opinion explaining his grant of summary judgment, Judge Penn found that Abourezk had failed to set forth specific facts showing a genuine issue for trial. Although New York Air argued in the district court that Abourezk's suit was preempted by 49 U.S.C.App. § 1305(a)(1), as construed by this court in *Anderson v. USAir, Inc.*, 818 F.2d 49 (D.C.Cir.1987), Judge Penn did not address the preemption question in his decision. New York Air does not press its preemption argument on appeal; it seeks affirmance of the district court on the grounds that Judge Penn offered for his decision.

On appeal, Abourezk asserts that Judge Penn erred in two principal ways in granting summary judgment. First, Abourezk contends that the district judge misconstrued the false imprisonment law of the District of Columbia by reducing the inquiry to whether the airline owed Abourezk a duty to release him once Abourezk indicated that he wished to deplane. Second, Abourezk asserts that Judge Penn overstepped the legal parameters of summary judgment under the Federal Rules of Civil Procedure by deciding material issues of fact in favor of the defendant airline and failing to draw all reasonable inferences from the existing facts in favor of Abourezk.

II

A. Standard of Review

■ The standard under which this court reviews a grant of summary judgment is clear:

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is upheld on appeal only "where there is no genuine issue of material fact, and, viewing the evidence in the light most favorable to the nonmoving party, the movant is entitled to prevail as a matter of law."

*Byers* [*v. Burleson*], 713 F.2d [856] at 859 [(D.C.Cir.1983)] (citations omitted). Accordingly, in our review of summary judgment, "the party against whom summary judgment was granted has the benefit of all reasonable evidentiary inferences that can be drawn in his favor." *Toney* [*v. Bergland*], 645 F.2d [1063] at 1066 [(D.C.Cir.1981)] (citation omitted).

*Sherwood v. Washington Post*, 871 F.2d 1144, 1146 (D.C.Cir.1989). Our inquiry on review is thus two-fold: first, we must be sure that the district court has not overlooked or impermissibly resolved any disputed material facts; and second, we must ensure that the judge correctly applied the relevant law to these undisputed facts.

### B. The Claims

#### 1. *False Imprisonment*

 The parties agree that, under District of Columbia law,

[f]alse imprisonment is defined ... as the restraint by one person of the physical liberty of another without consent or legal justification. The essential elements of the tort are (1) the detention or restraint of one against his will, within boundaries fixed by the defendant, and (2) the unlawfulness of the restraint.

*Faniel v. Chesapeake & Potomac Telephone Co.*, 404 A.2d 147 (D.C.App.1979) (citations omitted). There is no dispute that at some point Abourezk was restrained against his will; the sole inquiry is whether this detention was lawful, i.e., whether the airline was justified in its refusal to allow Abourezk to deplane. Under the rubric of a "duty to release," the district judge determined that because Abourezk did not demonstrate the sort of exigency that would mandate his release from the aircraft, New York Air was not bound to release Abourezk until the plane reached New York.

Abourezk argues that the detention became unlawful once he revoked his consent to remain a passenger, and that the airline must demonstrate a reason why it was *unable* to deplane Abourezk once he had revoked his consent to remain aboard the plane.

The utter impracticability of such an approach is manifest. Although this notion of withdrawing consent might work in many other false imprisonment contexts, the special concerns that attend the incredibly busy and dangerous business of common-carrier air transport requires the sort of approach fashioned by the trial judge here.

Because we conclude that the district judge construed the law of false imprisonment correctly given the facts of this case, the only material question of fact is whether Abourezk presented the captain with an exigent circumstance that gave rise to the airline's duty to release him from the plane.

Abourezk makes no claim that his right to deplane was supported by anything close to "exigency." Because there are no facts supporting a conclusion that the airline's duty to release Abourezk had been triggered, we affirm the district court's grant of summary judgment on this issue.

#### 2. *Infliction of Emotional Distress*

 Abourezk does not claim that he suffered any physical injury as a result of his detention. The parties agree that a plaintiff claiming intentional infliction of emotional distress need not show physical injury. In the absence of physical injury, however, a plaintiff must demonstrate "(1) 'extreme and outrageous' conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff 'severe emotional distress.' " *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33, 37 (D.C. App.), *cert. denied*, 459 U.S. 912, 103 S.Ct. 221, 74 L.Ed.2d 176 (1982). In *Waldon v. Covington*, 415 A.2d 1070, 1077 (D.C.App. 1980), the D.C. Court of Appeals stated that the requisite intent or recklessness may be inferred from the outrageousness of the acts.

In this regard, the *Sere* court noted that it is the job of the trial court, in the first instance, to determine whether the defendant's conduct may be regarded as so outrageous as to permit recovery. 443 A.2d at 38. The case must go to the jury, however, if "reasonable people could differ on whether the conduct is extreme and out-

rageous." *Howard University v. Best*, 484 A.2d 958, 985 (D.C.App.1984) (citations omitted). In assessing the outrageousness of the conduct at issue, a trial court is guided by the standard enunciated in the Restatement (Second) of Torts § 46 and adopted by the D.C. Court of Appeals in *Sere:*

> "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

443 A.2d at 37 (quoting RESTATEMENT (SECOND) OF TORTS § 46). The district judge did not err in concluding that no reasonable juror would find that the pilot's refusal to allow Abourezk to deplane constituted the kind of outrageous behavior described above. Abourezk presented no facts that could warrant a contrary conclusion, even allowing all reasonable inferences to be drawn in his favor. We affirm the district court's grant of summary judgment on this issue as well.

### 3. *Punitive Damages*

Because we conclude that the district judge did not err in his grant of summary judgment on each of Abourezk's claims, we necessarily agree with his determination that he need not reach the question of punitive damages.

### III

We reiterate that because New York Air effectively abandoned its preemption argument on appeal, we voice no opinion as to whether 49 U.S.C.App. § 1305(a)(1) would preempt suits like that pressed by Abourezk. The decision granting summary judgment to New York Air is affirmed.

HARRY T. EDWARDS, Circuit Judge, concurring:

I join fully in the reasoning of the majority and write separately only to state my views on the preemption question posed by this case. Although appellee New York Airlines, Inc., ("New York Air") apparently raised this defense in some form below, the District Court did not feel constrained to address the issue in light of its views on the merits. Inexplicably, in its brief to this court, New York Air relegated the preemption issue to a cursory reference in a footnote, citing no statutory or decisional authority in support of its position; the appellant saw no need even to respond to an argument so casually advanced. Under the circumstances, I have no quarrel with the majority's conclusion that the issue of preemption was not fit for disposition on appeal.

I do wish to underscore, however, that our decision today should not be read as a sign that we approve of a district court decision on the merits of a claim like the one brought by the appellant. The preemption question in this case is substantial. Section 1305(a)(1) of Title 49 of the United States Code provides that "no State ... shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or *services* of any air carrier" (emphasis added). This court in *Anderson v. USAir, Inc.,* 818 F.2d 49, 57 (D.C.Cir. 1987), and at least two other circuit courts of appeals, *see Illinois Corporate Travel v. American Airlines,* 889 F.2d 751, 754 (7th Cir.1989); *O'Carroll v. American Airlines,* 863 F.2d 11, 12 (5th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 3158, 104 L.Ed.2d 1021 (1989), have held that section 1305(a)(1) preempts general common law causes of action as applied to airline "rates, routes, or services." Enacted as part of the 1978 airline deregulation legislation, section 1305(a)(1) communicates unequivocally Congress' will that courts refrain from enforcing any manner of state law in these areas.