918 F.2d 225
 287 U.S.App.D.C. 19
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Chris CAVALIERE and Ron Oshima, Appellants,
v.
LIFESPRING, INC., et al.
 No. 89-7280.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 26, 1990.
 
 Before WALD, Chief Judge, and HARRY T. EDWARDS and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the district court and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the district court's orders filed August 18th and November 14th, 1989 be vacated and the case remanded for the reasons stated in the attached memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Chris Cavaliere and her husband Ron Oshima challenge the district court's disposition of their claims against Lifespring, Inc. and its president, John P. Hanley, arising from psychological injuries allegedly suffered by Cavaliere during her participation in a "Basic Training" course taught by Lifespring in January, 1987. Cavaliere and Oshima's main argument on appeal is that an agreement to release Lifespring from liability ("the Agreement") was invalid because it misrepresented that Basic Training was "not psychotherapy."
 
 
 5
 Under California law, a contract is voidable when it is procured through "actual fraud," e.g., "[t]he positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true." Cal.Civil Code Sec. 1572(2) (West 1982 & Supp.1986); see also Secs. 1566 and 1571; Restatement, Contracts 2d Sec. 163 (1981 & Supp.1989) ("misrepresentations as to the character or essential terms of a proposed contract" renders it voidable); Earl v. Saks & Co., 226 P.2d 340, 344-46 (Cal.1951) (en banc).
 
 
 6
 In opposition to Lifespring's motion for summary judgment, Cavaliere and Oshima introduced the deposition of a psychiatrist, Dr. Glass, who testified that the Lifespring program "is a group psychotherapy experience" using "all of the focus and concepts of group psychotherapy that professionals use." Cavaliere and Oshima also submitted an affidavit signed by Ron Ursano, a former Lifespring "group leader," who stated that trainers were instructed to deny that the training was psychotherapy, even though "we all knew it really was." Brief for Appellants at 9-10; J.A. Exhibit G at 55; Exhibit I at par. 14. Viewing this evidence in the light most favorable to Cavaliere and Oshima, we cannot conclude that this testimony was "clearly without any [evidentiary force]." See 10A C. Wright, A. Miller and M. Kane, Federal Practice and Procedure Sec. 2727 at 165 (1983 and Supp.1990); see also Abourezk v. New York Airlines, Inc., 895 F.2d 1456, 1457 (D.C.Cir.1990).
 
 
 7
 According to the district court, the statement that Basic Training was "not psychotherapy" could not be a "misrepresentation" because Lifespring did not "treat[ ] or purport[ ] to treat participants for disorders...." Mem.Op. at 8-9 n. 3. This analysis, however, appears to rest on an unduly narrow conception of "misrepresentation." Elsewhere, this term has been broadly defined as "an assertion that is not in accord with the facts." Restatement 2d Sec. 159. The assertion that Basic Training is not psychotherapy, if proven false, would appear to constitute a misrepresentation under this definition. Furthermore, such a misrepresentation seemingly would be material, inasmuch as it could justify invalidating the Agreement. Accordingly, we vacate and remand the disposition of the ordinary and gross negligence claims for further proceedings. For the same reason, we vacate and remand the dismissal of Cavaliere and Oshima's fraud claim.
 
 
 8
 The district court also dismissed Cavaliere and Oshima's intentional infliction of emotional distress claim. To state such a claim, a plaintiff must allege that (1) the defendant's conduct was extreme and outrageous; (2) the conduct was intentional or reckless; and (3) the conduct caused severe emotional distress. See Sere v. Group Hospitalization, Inc., 443 A.2d 33, 37 (D.C.1982). Citing Doe v. Yogi, 652 F.Supp. 203, 209 (D.D.C.1986), the district court, without discussing any of the Sere factors, concluded that "the complaint and the affidavits "are void of [ ] allegations [of some 'discrete incident' which shocked the conscience,]" and that "[t]he complaint does not allege any specific incident or series of incidents...." Mem.Op. at 11. The D.C. Court of Appeals, however, has never indicated that an allegation of a "discrete incident" is a necessary element of an intentional infliction of emotional distress claim. See Sere, 443 A.2d at 37; see also Restatement 2d, Torts Sec. 46 (1965) (cited in Sere, 443 A.2d at 37). Therefore, we remand Cavaliere and Oshima's intentional infliction of emotional distress claim for consideration of the factors in Sere.
 
 
 9
 Regarding the district court's dismissal of Cavaliere and Oshima's negligent infliction of emotional distress claim, we note that since the district court's disposition, the D.C. Court of Appeals has modified its standard requiring a plaintiff to allege actual physical injury. See Williams v. Baker, 572 A.2d 1062 (D.C.1990) (en banc). Specifically, the court "abandon[ed] the requirement that to be compensable the emotional distress must be traceable to physical injury caused directly by defendant's negligence." Id. at 1064. Accordingly, we remand this claim for consideration of the effect of Williams, if any.