**A–L ASSOCIATES, INC., Appellant,**

v.

**James F. JORDEN, et al., Appellees.**

No. 91–7125.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 6, 1992.

Decided May 15, 1992.

John R. Ferguson, with whom Timothy A. Ngau, Washington, D.C., was on the brief, for appellant.

Douglas P. Lobel, with whom Benjamin Greenspoon, Washington, D.C., was on the brief, for appellees.

Before MIKVA, Chief Judge, SILBERMAN and WILLIAMS, Circuit Judges.

Opinion for the Court filed by Chief Judge MIKVA.

MIKVA, Chief Judge:

A–L Associates appeals the district court's decision dismissing its complaint against appellees, who are partners in the law firm of Jorden, Schulte & Burchette, and granting the Partners' motion for summary judgment. A–L's complaint sought recovery, under several theories including implied contract and quantum meruit, for services performed in facilitating the merger of two law firms—Tew, Jorden & Schulte and Heron, Burchette, Ruckert & Rothwell. The district court held that any contract that existed between the Partners and A–L Associates was void because, at the time of the merger, A–L was an unlicensed employer-paid personnel service operating in violation of D.C.Code section 36–1002(a)(1). A–L now challenges the district court's ruling, claiming that the District's licensing statute does not apply to law firm mergers.

We reverse the district court's order and remand for further consideration of A–L's claims. The plain language of the statute covers services that provide employers with individual employees or advice concerning individual employees. Nothing in the statute addresses the merger of law firms, and nothing in the legislative history cited by

the district court supports its conclusion that mergers were intended to be covered by the statute.

## I. BACKGROUND

A–L Associates is a New York based legal recruiting and consulting firm that does business in the District of Columbia. A–L claims that partners in the law firm of Jorden, Schulte & Burchette owe $175,000 for A–L's services in bringing together members of the two firms that formed the Jorden firm. The Partners deny that A–L Associates played any part in the merger of the two firms, and also deny the existence of an agreement, of any kind, between themselves and A–L Associates. For purposes of summary judgment, however, the parties have assumed that A–L facilitated a merger between the two firms.

The Partners filed a motion to dismiss A–L's complaint, or, in the alternative, a motion for summary judgment. They asserted that even if a contract existed between themselves and A–L Associates, it was void and unenforceable because A–L was not licensed to do business in the District. The district court agreed and granted the Partners' motion for summary judgment. The court held that contracts entered into by a business unlicensed in the District of Columbia are void when the activities giving rise to the contractual relationship are activities covered by a relevant licensing statute. *A–L Assoc., Inc. v. Jorden et al.,* No. 91–0197, slip op. at 1–2 (June 11, 1991) (hereinafter *"Memorandum Opinion"*). Because it believed that A–L's act of facilitating the merger of the two firms fell within the licensing authority of D.C.Code section 36–1002(a)(1), the court held that any contract that existed between the Partners and A–L Associates was void. *Id.* at 10.

## II. ANALYSIS

### A. *Standard of Review*

We review a grant of summary judgment *de novo* to ensure that the district court did not overlook or improperly resolve disputed issues of fact, and to ensure that the court correctly applied the relevant law to the undisputed facts. *Abourezk v. New York Airlines, Inc.,* 895 F.2d 1456, 1458 (D.C.Cir.1990). The court below held, and the parties agree, that District of Columbia law applies to this case. *See Memorandum Opinion,* at 2 n. 4. Therefore, we must determine whether the district court correctly applied District of Columbia law to the undisputed facts.

### B. *The Scope of the District's Licensing Statute*

■ Where a defendant resists a suit for compensation on the ground that the plaintiff failed to register under the District's licensing statute, its courts will not allow the defense unless the statute covers the services for which compensation is sought, as opposed to the plaintiff's services generally. *See Karr v. C. Dudley Brown & Assoc., Inc.,* 567 A.2d 1306, 1308 (D.C.1989) (unlicensed contractor could recover for services that did not fall within scope of licensing statute); *Dunn v. Finlayson,* 104 A.2d 830, 832 (D.C.1954) (same). Therefore, even if A–L Associates has acted as an employer-paid personnel service on other occasions, we look only to the services that A–L claims to have performed on this particular occasion. Here the parties agree, for purposes of summary judgment, that A–L engaged in a facilitation of a merger between two law firms.

The District of Columbia's consumer protection laws require certain businesses to be licensed and registered with the District's Department of Consumer and Regulatory Affairs. Among the businesses required to be licensed are "employer-paid personnel services." *See* D.C.CODE ANN. § 36–1002(a)(1) (1988) ("No individual, partnership, association, corporation, or subcontractor shall operate an employment agency, employment counseling service, employer-paid personnel service, or job listing service in the District without first obtaining a license for that purpose from the Mayor.").

The district court concluded that the District's licensing statute covering employer-paid personnel services includes businesses that facilitate mergers between two firms.

The court held that, under a "strict construction" of the District's licensing statute, A–L served as "a consultant to employers to identify, appraise, or recommend individuals for executive, managerial or professional positions," and its services constituted "employment advice or counseling to employers" under sections 36–1001(3) and 36–1002(a). *Memorandum Opinion,* at 9. The court rejected A–L's argument that section 36–1002(a)(1) did not apply because A–L merely facilitated a merger of two firms' partners and did not render advice to an "employer" for the purpose of obtaining "employees." *Id.* at 6. Looking at the legislative history of the District's licensing statute, the court reasoned that excluding merging law firms from the statute's protection would "freeze out one of the largest consumer groups for these services," and would be contrary to the legislative purpose of the statute. *Id.* at 9. We disagree.

■ Neither the plain language of the District's licensing statute nor the legislative history surrounding the statute support the district court's conclusion that it covers law firm mergers. Section 36–1001(3) defines an employer-paid personnel service as an entity that "for a fee, procures, offers, or attempts to procure job-seekers for employers, or provides employment advice or counseling to employers or to other persons designated by employers and who is compensated solely by employers...." D.C.CODE ANN. § 36–1001(3) (1988). And section 36–1001(2) defines an employer as an individual or business that employs one or more individuals and that "receives or seeks to receive the service of an employment agency or employer-paid personnel service for the *purpose of obtaining employees or advice concerning employees.*" D.C.CODE ANN. § 36–1001(2) (1988) (emphasis added). Thus, the statute covers services aimed at providing employers with individual employees or advice concerning individual employees. Nothing in the statute addresses the merger of two entities.

In its decision, the district court focused on A–L's distinction between a merger of partners and a merger of both partners and associates, holding that such a distinction would "deprive the statute of any logical meaning." *Memorandum Opinion,* at 7. In so limiting its focus, however, the court failed to address the much broader question whether mergers, in general, are covered by the statute. The Partners argue that the licensing statute was intended to cover mergers. But under their reading of the statute, all businesses, such as investment banking firms, that facilitate mergers between companies would arguably have to be licensed in the District as employer-paid personnel services. We cannot imagine that the District's licensing statute was meant to cover these situations. And more importantly, nothing in the language indicates that it was.

Even if we turn to the legislative history cited by the district court, it offers no help in concluding that the District's licensing statute includes mergers. The Council Report to which the district court refers states that the purpose of the licensing statute is to protect consumers of the counseling services provided by an employer-paid personnel service. *Memorandum Opinion,* at 8 (citing COUNSEL OF THE DISTRICT OF COLUMBIA, REPORT TO COUNCILMEMBERS, at 2 (June 26, 1984)). The Council Report also indicates that the statute's bond requirements were increased to include employee search firms that place executives and other highly paid employees. *Id.* at 9. But nothing in the legislative history cited by the district court says that the "services" covered by the statute include facilitating a merger. Because neither the plain language of the statute nor its legislative history supports the district court's conclusion that the statute includes mergers, we reverse the district court's grant of summary judgment and remand for further consideration of A–L's complaint. Furthermore, because we are satisfied that the transaction in this case clearly involved a merger of two firms, we need not address the more difficult questions of whether the hiring of a number of lawyers is a "merger" or whether partners are "employees" under the licensing statute.

We also note that District of Columbia law is not clear on the effect of a failure to comply with the District's licensing statute. The district court ruled that "courts void contracts when an entity conducts business without a license, provided that the business is in fact required to have a license, and that the activities giving rise to the contractual relationship are activities covered by the relevant licensing statute." *Memorandum Opinion*, at 2–3 (citing *Family Construction v. District of Columbia Dep't of Consumer and Regulatory Affairs*, 484 A.2d 250, 254 (D.C.1984); *Highpoint Townhouses, Inc. v. Rapp*, 423 A.2d 932, 935 (D.C.1980). A case recently decided by the District of Columbia Court of Appeals, however, suggests that a failure to comply with the district's licensing statute is insufficient to void a contract where, as in this case, the party seeking to void the contract does not allege an injury as a result of the failure to perform the contract as promised. *See Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195 (D.C.1991) (distinguishing *Family Construction* because it did not present the question whether a consumer who claims no injury whatever as a result of the transaction is entitled to have the contract voided on the basis of nonregistration alone). Because we conclude that the District's licensing statute does not apply to the transaction in this case, we need not resolve any apparent tension in the application of District of Columbia law.

### III. CONCLUSION

The plain language of the District's licensing statute includes services that provide employers with individual employees or advice concerning individual employees. Nothing in the statute addresses the merger of two companies such as the law firms in this case. Accordingly, we reverse the district court's grant of summary judgment and remand for further consideration of A–L's complaint.

*Reversed and Remanded.*