# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued October 17, 2006      Decided November 21, 2006

No. 05-5446

CEI WASHINGTON BUREAU, INC.,
APPELLANT

v.

DEPARTMENT OF JUSTICE,
APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 03cv02651)

---

*Michael Kovaka* argued the cause for appellant. With him on the briefs was *Jonathan D. Hart*.

*Eric Fleisig-Greene*, Attorney, U.S. Department of Justice, argued the cause for appellee. With him on the brief were *Peter D. Keisler*, Assistant Attorney General, *Kenneth L. Wainstein*, U.S. Attorney at the time the brief was filed, and *Mark B. Stern*, Attorney.

Before: RANDOLPH, GARLAND and GRIFFITH, *Circuit Judges*.

Opinion for the court filed PER CURIAM.

2

PER CURIAM.

The Freedom of Information Act exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6), and law enforcement records, the production of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy," *id.* § 552(b)(7)(C). Invoking these exemptions, the Department of Justice denied CEI Washington Bureau's request for certain records relating to the incarceration of illegal aliens. CEI has appealed from the district court's order granting the Department's motion for summary judgment and denying CEI's cross-motion for summary judgment. *CEI Wash. Bureau Inc. v. U.S. Dep't of Justice*, 404 F. Supp. 2d 172 (D.D.C. 2005). The validity of the district court's ruling turns on facts the parties dispute. We hold that summary judgment therefore should not have been granted.

The information CEI requested relates to the State Criminal Alien Assistance Program (SCAAP). Under SCAAP, the federal government reimburses states and localities for the costs of incarcerating undocumented aliens convicted of at least one felony or two misdemeanors. *See* BUREAU OF JUSTICE ASSISTANCE, U.S. DEP'T OF JUSTICE, STATE CRIMINAL ALIEN ASSISTANCE PROGRAM: FY 2005 GUIDELINES 8 (2005). States and localities file reimbursement applications with the Department's Office of Justice Programs. For each undocumented alien, the application must list the Alien Registration Number, full name, date of birth, unique inmate identifier, foreign country of birth, date taken into custody, date released or to be released from custody, and FBI Number. *See id.* at 9. CEI requested this data in order to report on the scope and causes of what it saw as the federal government's dereliction in enforcing the deportation laws. The Department

disclosed only the unique inmate identifier, foreign country of birth, date taken into custody, and date released from custody for each of the SCAAP records, to the extent the records contained entries for such information. *CEI Wash. Bureau*, 404 F. Supp. 2d at 175 n.4. CEI's lawsuit sought to compel the Department to disclose the remaining fields.

Whether the Department properly applied the privacy exemptions turns on a balance of "the individual's right of privacy against the basic policy of opening agency action to the light of public scrutiny." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 175 (1991) (internal quotation marks omitted). Against CEI's argument in favor of a public interest in monitoring the federal government's enforcement of the deportation laws, the Department points to several privacy interests it claims the disclosure would violate. Specifically, the disclosure of inmates' names, birth dates, and FBI and Alien Registration numbers "has the potential to deeply embarrass a vast set of individuals . . .." Br. for Def.-Appellee 12. The SCAAP records also apparently misidentify some individuals as undocumented aliens. *Id*. at 14. The Department claims that the FBI and Alien Registration numbers "provide a direct link to immigration and law enforcement files that may contain sensitive and extremely personal information" about the inmates. *Id*. at 22. As to CEI's argument that it requested data only on recent convictions and thus would not infringe on any privacy interest in letting old convictions fade from memory, *see U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 769 (1989), the Department notes that SCAAP does not require that convictions be recent, and that there is thus no guarantee that only recent convictions would be disclosed in response to CEI's request. Br. for Def.-Appellee 16 n.3.

The parties dispute several facts material to these assertions. According to the Department's affidavit, there is a "possibility

that, if the withheld information were released, certain individuals would erroneously be identified as undocumented aliens." Lee Aff. ¶ 30. The Department was "advised by the SCAAP program manager that it is not uncommon for [the federal government] to determine that certain inmates listed by an applicant jurisdiction are not in fact undocumented aliens." *Id*. At oral argument government counsel said that as many as fifty percent of the inmates reported in the SCAAP records as illegal aliens cannot be confirmed to be such. CEI's brief claims that the Department can redact the erroneous data, Br. of Appellant 32; at oral argument CEI's attorney said that the Department already rigorously filters the SCAAP data to ensure accuracy. A mistake in representing an inmate as an undocumented alien may implicate privacy interests. The same mistake may also reduce the interest in disclosure by undermining the asserted value of the records for monitoring the government's enforcement of the deportation laws. The risk of such mistakes is a fact that needs to be established before the case can be resolved. Similarly, only at oral argument did the parties discuss the processes by which one obtains an FBI or Alien Registration number, how the numbers are used, and the ways those numbers could lead to the disclosure of sensitive information. CEI noted that Alien Registration Numbers are available in online public databases. The Department claimed that someone with an individual's Alien Registration Number could gain access to sensitive data from administrative proceedings linked to the number. The Department also suggested that one could find private data based on an individual's FBI Number by searching employment applications. The accuracy of these factual assertions needs to be determined before this court can decide whether the Department properly invoked the privacy exemptions. While we express no opinion on whether or to what extent the Department's assertions implicate privacy interests under the FOIA exemptions, or, whether or to what extent the interest in

disclosure outweighs any such interests, we conclude that resolution of the case on summary judgment without affidavits and evidentiary hearings sufficient to resolve the factual disputes was error.

It is of no moment that the parties filed cross-motions for summary judgment and that neither party explicitly argued that there are genuine disputes about material facts. A cross-motion for summary judgment does not concede the factual assertions of the opposing motion. *Sherwood v. Wash. Post*, 871 F.2d 1144, 1147 n.4 (D.C. Cir. 1989). And the briefs and oral argument of each party questioned the factual accuracy of the other's claims. Given these disputes, we are in no position to decide the important questions this case presents. The district court's grant of the Department's motion for summary judgment is therefore vacated and the case is remanded for further proceedings.

*So ordered.*