John E. GUSDONOVICH, Jr., Plaintiff,

v.

BUSINESS INFORMATION COMPANY, a corporation, et al., Defendants.

Civ. A. No. 82–1037.

United States District Court,
W.D. Pennsylvania.

July 31, 1985.

Opinion on Motion for Judgment
Notwithstanding Verdict Aug. 25, 1987.

Peter N. Georgiades, Hess, Reich, Georgiades, Ray & Homyak, Pittsburgh, Pa., for plaintiff.

Daniel R. Gigler, Robb, Leonard & Mulvihill, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

DIAMOND, District Judge.

Presently before the court are cross-motions for summary judgment filed by the plaintiff and defendants in the above-captioned case. For the reasons set forth below, plaintiff's motion will be granted in part and denied in part, and defendants' motion will be granted in part and denied in part.

This action arose out of plaintiff's employment with and subsequent discharge by the defendant corporation. In Count I of the complaint, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 201 *et seq.* (1965), the plaintiff claims that he was wrongfully classified as a salaried employee by the defendant corpora-

tion, and seeks $44,504.52 in unpaid overtime wages and liquidated damages. In Count II the plaintiff claims that he was wrongfully discharged for asserting his statutory rights under the FLSA and the Pennsylvania Minimum Wage Act of 1968, and seeks $54,502.52 in unpaid overtime wages, liquidated damages, and punitive damages.

The defendants respond that the plaintiff was a bona fide administrative or professional employee, and, thus, was exempt from the overtime provisions of the FLSA. Defendants further respond that the plaintiff was not wrongfully discharged because he was properly dismissed for poor job performance.

The following uncontested facts are taken from the pleadings of the parties and the defendants' answers to the plaintiff's first set of interrogatories.

The corporate defendant, Business Information Corp. ("BIC"), is a Pennsylvania corporation, which investigates and collects information for insurance companies, businesses and individuals. The individual defendants are the shareholders and managers of BIC. For the purposes of this litigation, the parties have stipulated that BIC is engaged in interstate commerce.

The plaintiff, John E. Gusdonovich, Jr., is a former employee of BIC, who had been employed in the capacity of "investigator" from July of 1979 through January of 1982. During this time the plaintiff's primary duty was the investigation of insurance claims. Such investigation included the search of public records, the serving of subpoenas and orders, surveillance, the interrogation of witnesses, and additional duties arising in the course of and subsequent to such investigations. The majority of this work was done away from BIC's office. The plaintiff was not a licensed private investigator, and he did not supervise the work of any employees of BIC. No specialized education was required to obtain a job as an investigator with BIC. Defendants' answers to plaintiff's interrogatories at 43.

Investigators were paid on a salary basis. Each investigator was required to produce 168 billable hours (i.e. hours that would be billed to clients) each month, but not all of the hours worked by an investigator were considered to be billable. Further, an investigator's billable hours could be reduced if it was determined by his supervisor that a) the hours worked were in excess of the correct time spent on the job; b) the result achieved was not commensurate with the hours worked; c) limitations imposed by the client required that the hours be reduced; or d) the work performed was a duplication of effort. (Defendant's answers to plaintiff's interrogatories at 10.)

## I. *Administrative and Professional Exemptions*

The parties first seek summary judgment on the issue, whether the plaintiff was a bona fide administrative or professional employee within the meaning of 29 U.S.C.A. § 213(a)(1) (1965) and 19 C.F.R. §§ 541.2, 541.3, thus, rendering him exempt from the overtime provisions of 29 U.S.C.A. § 207.

The defendants contend that the plaintiff was an administrative employee within the meaning of 29 C.F.R. § 541.2 because his position was directly related to the management policies and general business operations of BIC, and he exercised a great deal of discretion and independent judgment in such things as deciding which informants to interrogate, what elements of an investigation to pursue, what questions to ask, what records to search, and how to follow up on a record search. They assert that this work was done with only general supervision. Defendants further contend that the plaintiff was a professional employee within the meaning of 29 C.F.R. § 541.3 because his position required creativity, imagination, and talent, and because it was predominantly intellectual in character.

The plaintiff responds that he was not an administrative employee because his position was not directly related to the management policies or general business operations of BIC, nor did he regularly exercise discretion and independent judgment within the meaning of 29 C.F.R. § 541.2. Plaintiff further responds that he was not a professional employee because his position did not require the advanced education required by 29 C.F.R. § 541.3.

In a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, a court must assume the resolution of any issue in favor of the non-movant, and determine whether the movant is entitled to judgment as a matter of law. *First Jersey National Bank v. Dome Petroleum, Ltd.*, 723 F.2d 335 (3d Cir.1983). *See e.g. Hollinger v. Wagner Mining Equipment*, 667 F.2d 402, 405 (3d Cir.1981). The parties' do not dispute the facts, but how the law should be applied to these facts.

In cases where an employer is claiming that an employee is exempt from the provisions of the FLSA, the burden of establishing an exemption is on the employer. *Idaho Sheet Metal Workers, Inc. v. Wirtz*, 383 U.S. 190, 206, 86 S.Ct. 737, 747, 15 L.Ed.2d 694 (1966), *reh. den.*, 383 U.S. 963, 86 S.Ct. 1219, 16 L.Ed.2d 306 (1966). Furthermore, "these exemptions are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960), *reh. den.*, 362 U.S. 945, 80 S.Ct. 803, 4 L.Ed.2d 772 (1960).

Title 29 U.S.C.A. § 213(a)(1) provides that employees who can be considered bona fide administrative or professional personnel "as such terms are defined and delimited from time to time by regulations of the Secretary" are exempt from the time and one-half for overtime requirement at 29 U.S.C.A. § 207. The regulations for a bona fide administrative employee are found at 29 C.F.R. § 541.2 (1984), and are interpreted at 29 C.F.R. §§ 541.201—541.-215 (1984).

The regulations set forth a "long test" and a "short test" to be used in determining whether the administrative exemption has been met, *Hodgson v. Penn Packing Co.*, 335 F.Supp. 1015, 1020 (E.D. Pa.1971). Which test applies depends upon the employee's salary. However, under either test both subsections (a) and (b) of § 541.2 must be satisfied. *See, Goldstein v. Dabanian*, 291 F.2d 208, 210–11 (3d Cir.), *cert. denied*, 368 U.S. 928, 82 S.Ct. 364, 7 L.Ed.2d 191 (1961). These subsections provide as follows:

> The term "employee employed in a bona fide * * * administrative * * * capacity" in section 13(a)(1) of the act shall mean any employee:
>
> (a) Whose primary duty consists of:
>
> (1) the performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers, ... and ...
>
> (b) Who customarily and regularly exercises discretion and independent judgment.

The phrase, "directly related to management policies of his employer or his employer's customers," is interpreted at 29 C.F.R. § 541.205, and "describes those types of activities relating to the administrative operations of a business as distinguished from 'production'." BIC's business is "producing" information for its clients, and the plaintiff's duties consisted almost entirely of gathering that "product". Thus, it appears to the court that the plaintiff was engaged in "production" within the meaning of the regulation.

The second criteria under either test is that the employee's work regularly requires the exercise of discretion and independent judgment. This regulation is interpreted at 29 C.F.R. § 541.207, which cautions that it is frequently misapplied because the exercise of discretion and independent judgment is confused with "the use of skill in applying techniques, procedures, or specific standards." The defendants maintain that the plaintiff exercised great discretion and independent judgment because there was no set procedure for carrying out his duties. Nonetheless, the defendants admit that an investigator's billable hours are subject to reduction if the investigator's supervisor believes that the work produced was not commensurate with the time spent, or the time spent was considered to be a duplication of effort. Investigators may have exercised limited discretion and independent judgment, but if this exercise did not coincide with their supervisor's idea of the proper procedure the supervisor could reduce their billable hours for the month. A skilled investigator could conceivably avoid these cuts by following procedures with which his supervisor agreed. Under these circumstances, investigators were merely applying their knowledge and skill in determining what procedure to follow, which, as 29 C.F.R. § 541.207 states, is not the exercise of discretion and independent judgment contemplated by the regulation.

Accordingly, we find as a matter of law that the plaintiff was not a bona fide administrative employee within the meaning of the statute and regulations.

The next issue is whether the plaintiff was a bona fide professional employee within the meaning of 29 C.F.R. § 541.3. For an employer to establish that an employee falls within this exemption, he must show that the employee's duties meet each of the criteria in the regulation. *See, Brennan v. Western Union Tel. Co.*, 561 F.2d 477 (3d Cir.1977), *cert. denied, Western Union Tel. Co. v. Marshall*, 434 U.S. 1063, 98 S.Ct. 1237, 55 L.Ed.2d 764 (1978).

Section 541.3 provides in relevant part:

> The term "employee employed in a bona fide * * * professional capacity" in section 13(a)(1) of the act shall mean any employee:
>
> (a) Whose primary duty consists of the performance of:
>
> (1) Work requiring knowledge of an advance type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from train-

ing in the performance of routine mental, manual, or physical processes, or

(2) Work that is original and creative in character in a recognized field of artistic endeavor (as opposed to work which can be produced by a person endowed with general manual or intellectual ability and training), and the result of which depends primarily on the invention, imagination, or talent of the employee....

As indicated above, the defendants admit that the position of investigator requires no specialized instruction or study. Thus, plaintiff's duties did not meet this criteria. Although defendants have attempted to fit the plaintiff's job under alternative (2) of 29 C.F.R. § 541.3(a) by characterizing his duties as requiring creativity, imagination, and talent, the regulation makes it clear that this alternative only applies to a "recognized field of artistic endeavor," 29 C.F.R. § 541.3(a)(2), including such fields as "music, writing, the theater, and the plastic and graphic arts." 29 C.F.R. § 541.303(b). There is no indication from the facts, nor do the parties allege, that the plaintiff's duties included such work.

Accordingly, we hold as a matter of law that the plaintiff was not a bona fide professional employee within the meaning of the statute and regulations.

## II. *Wrongful Discharge*

Defendants contend that where there is a statutory remedy that protects the aggrieved employee, an action for wrongful discharge in violation of public policy cannot be maintained. *Wehr v. Burroughs Corp.*, 438 F.Supp. 1052 (E.D.Pa.1977). Since the public policy alleged to have been violated was the non-payment of overtime under the FLSA, defendants argue that plaintiff's sole remedy is under that statute.

The plaintiff responds that summary judgment is improper at this time because he may not have a statutory remedy against the individual defendants, and, thus, summary judgment on this action may deprive him at any remedy against them. He asserts that the availability of a statutory remedy depends upon whether the individual defendants can be considered to be "employers" within the meaning of

the FLSA or the Pennsylvania Minimum Wage Act of 1968, and that this determination has not yet been made.

■ A cause of action for wrongful discharge in violation of public policy cannot be maintained when there is a statutory remedy available to the plaintiff. *Novosel v. Nationwide Ins. Co.*, 721 F.2d 894, 898 (3d Cir.1983), citing, *Bruffet v. Warner Communications, Inc.*, 692 F.2d 910, 919 (3d Cir.1982). Both the FLSA and the Pennsylvania Minimum Wage Act of 1968 provide a remedy for an employee who was not paid overtime wages as those acts require. 29 U.S.C.A. § 216(b); 43 P.S. § 333.113 (1968). These remedies are available against "employers".

■ BIC is beyond dispute an employer in this case, and, thus, no cause of action based upon a violation of public policy can be maintained as to it. However, there is a genuine issue of material fact concerning whether the individual defendants are considered employers under the relevant acts. Consequently, we will grant defendants' motion for summary judgment on the plaintiff's wrongful discharge claim only with respect to BIC.

## III. *Remaining Issues*

The plaintiff seeks summary judgment upon the issue of whether the defendant BIC was engaged in interstate commerce. This issue has been rendered moot by stipulation of the parties.

■ The plaintiff also seeks summary judgment upon the issue of whether the defendants can raise the affirmative defense of good faith, as set forth at 29 U.S.C.A. § 260 (1965), to avoid paying liquidated damages under 29 U.S.C.A. § 216(b) (1965). The defendants have not raised this defense in their pleadings, and therefore the plaintiff is seeking, through his motion for summary judgment, an advisory opinion which this court is not empowered to make. *Flast v. Cohen*, 392 U.S. 83, 96, 88 S.Ct. 1942, 1950, 20 L.Ed.2d 947 (1968). Accordingly, the plaintiff's motion is denied on this issue.

An appropriate order will follow.

## MEMORANDUM OPINION ON MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT

The plaintiff, John E. Gusdonovich, Jr., brought this action seeking overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("F.L.S.A.") After a trial, the jury returned a special verdict in favor of the plaintiff. The defendants, Business Information Company, Orville Farmer, Angelo Nolfi, and Ralph Passant, move for the entry of a judgment notwithstanding the verdict, or to alter or amend the judgment against it, or in the alternative, for a new trial. For the reasons set forth below, the motions will be denied.

The defendants' motions are based upon the following five grounds:

(1) The trial court erred in denying on summary judgment and at trial, defendants' claim of exemption pursuant to 29 C.F.R. 541 *et seq.;*

(2) The trial court erred in denying defendants their right to impeach the credibility of Dean Lapson;

(3) The jury's determination that the plaintiff was entitled to overtime pay at the rate of time and one-half, as opposed to half-time under Reg. 778, was against the weight of the evidence;

(4) The jury's determination that the defendants acted willfully in denying overtime pay was against the weight of the evidence; and,

(5) The trial court erred in finding that the defendants did not meet their burden of showing that they acted in good faith, and therefore, awarding plaintiff liquidated damages equal to the amount of the verdict was improper.

Regarding the first two grounds, these issues were previously briefed, argued, and carefully considered by the court. The defendants do not raise any new facts or authority, but rather "incorporate" their earlier arguments and authorities in an attempt to reargue the issues. Accordingly, the motions regarding these two grounds will be denied for the reasons previously stated by this court.

■ Regarding grounds (3) and (4), challenging determinations of the jury based upon the weight of the evidence, these issues were properly decided by the jury and will not be disturbed by the court.

A judgment notwithstanding the verdict may be granted only if, after giving the verdict winner the benefit of all reasonable inferences capable of being drawn from the evidence, the court concludes that " 'as a matter of law, "the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief." ' " *Eisenberg v. Gagnon,* 766 F.2d 770, 779 (3d Cir.1985); *Blair v. Manhattan Life Ins. Co.,* 692 F.2d 296, 300 (3d Cir. 1982) (*quoting Denneny v. Siegel,* 407 F.2d 433 (3d Cir.1969)).

In the present case, there clearly existed that minimum quantity of evidence from which the jury could decide those issues relating to the appropriate rate of overtime pay due and the willfulness of the defendants. Here, the defendants are asking the court to rule independently on the credibility of witnesses and conflicting testimony. But, this is precisely what courts are not free to do. *Blair,* 692 F.2d at 300; *Fireman's Fund Ins. Co. v. Videfreeze,* 540 F.2d 1171, 1178 (3d Cir.1976) (citing *Continental Ore Co. v. Union Carbide,* 370 U.S. 690, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962)). Similarly, disputes over testimony or the credibility of witnesses will not justify a new trial. *Consumers Power Co. v. Curtiss-Wright Corp.,* 780 F.2d 1093 (3d Cir. 1986). Accordingly, the defendants' motions regarding the jury's determination of issues as against the weight of the evidence will be denied.

■ The fifth ground challenges the court's determination that the defendants failed to meet their "plain and substantial burden of persuading the court by proof that [their] failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose more than a compensatory verdict." *Marshall v. Brunner,* 668 F.2d 748 (3d Cir.1982). Based upon the principles enunciated in that case, and more re-

cently in *Williams v. Tri–County Growers, Inc.*, 747 F.2d 121 (3d Cir.1984), this court found that the defendants failed to meet their burden because the record is barren of any attempts made by the defendants to ascertain the Act's requirements or to comply with them. This conclusion is also supported by the jury's determination that the defendant acted willfully. Accordingly, this court is unable to exercise its discretion under 29 U.S.C. § 260 which provides for no award of liquidated damages or less than the amount provided by § 216(b) of the F.L.S.A. if the defendant can show good faith. Therefore, defendants' motion to amend the judgment and delete that portion of the verdict which constitutes liquidated damages will be denied.

The defendants also move for a new trial claiming that "the trial court erred in charging the jury that the individual defendants are liable individually under the F.L.S.A. for any judgment entered against the corporate defendant and in so holding on plaintiff's motion for a directed verdict." It is unclear upon what basis or authority this challenge is made since the issue was not briefed by the defendants. Nevertheless, the court will briefly address this claim.

The court notes that the jury was not charged as to the individual liability of the defendants. Rather, the court concluded, as a matter of law, that each of the three individual defendants were employers of the plaintiff. Under the F.L.S.A., an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d). The "Act contemplates the possibility of several simultaneous 'employers,' any one of which may be liable as an employee under the Act." *Hodgson v. Arnheim and Neely, Inc.*, 444 F.2d 609, 611–12 (3d Cir.1971), *rev'd on other grounds*, 410 U.S. 512, 93 S.Ct. 1138, 35 L.Ed.2d 463 *reh'g denied*, 411 U.S. 940, 93 S.Ct. 1888, 36 L.Ed.2d 402 (1973).

In addition, the "overwhelming weight of authority is that a corporate officer with operational control of a corporation's cover-ed enterprise is an employer along with the corporation, jointly and severally liable under the F.L.S.A. for unpaid wages." *Donovan v. Agnew* 712 F.2d 1509, 1511 (1st Cir.1983) (citations omitted).

In the present case, the uncontradicted evidence as well as the stipulations of the parties showed that these three individuals were the sole owners of the corporation. They were also its officers, and as such, responsible for operating and managing the corporation's day to day affairs. Moreover, the defendants themselves testified that they hired the plaintiff, set the hours of employment, and established wages. *See Marshall v. Brunner,* 500 F.Supp. 116 (W.D.Pa.1980), *aff'd,* 668 F.2d 748 (3d Cir.1982) (sole proprietor of company was an employer within the F.L.S.A. when he hired the employees, set their rates of pay, and assigned them their duties). Accordingly, the motion for a new trial based upon the court's finding as a matter of law that the defendants were employers under the F.L.S.A. will be denied.

Therefore, a judgment in favor of the plaintiff will be entered in the amount of $18,795.16, plus liquidated damages of equal amount. In addition, post-judgment interest will be calculated in accordance with 28 U.S.C. § 1961 and will run from the date of the verdict. *See Poleto v. Consolidated Rail Corp. v. Hammermill Paper Co. v. A.E. Staley Manufacturing Co. and The Baltimore & Ohio Railroad Co.,* 826 F.2d 1270 (3rd Cir.1987).

An appropriate order will be entered.