**FIRST BANK SYSTEM, INC., First Trust National Association, and First Bank National Association, Plaintiffs,**

v.

**Lynn MARTIN, Secretary of the United States Department of Labor, and the United States Department of Labor, Defendants.**

**Civ. No. 3–91–507.**

United States District Court,
D. Minnesota,
Third Division.

Oct. 28, 1991.

Mark P. Wine and Diane L. Drays, Oppenheimer, Wolff & Donnelly, Minneapolis, Minn., for plaintiffs.

William Zuckerman and Tess J. Ferrera, Office of the Sol., U.S. Dept. of Labor, Plan Benefits Sec. Div., Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

DEVITT, District Judge.

### BACKGROUND

Plaintiffs First Bank System, Inc., First Trust National Association, and First Bank National Association (collectively "FBS") commenced this action against the Secretary and Department of Labor (collectively "Secretary") on August 12, 1991 seeking, *inter alia*, a determination that certain services provided by FBS to discretionary pension accounts did not violate the prohibited transaction provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1106. The Secretary filed an answer and counterclaim on August 19 alleging the services provided by FBS constituted a breach of fiduciary duty and violated ERISA. In reply to the Secretary's counterclaim, FBS asserted, among others, the affirmative defense of laches.

The Secretary moves the court, under authority of Rule 12(f) of the Federal Rules of Civil Procedure, to strike from FBS's reply the affirmative defense of laches. For the reasons set forth below, the court will grant the Secretary's motion.

### DISCUSSION

The Secretary argues the equitable doctrine of laches is unavailable as a defense against claims pursued by the United States government and that, in all events, FBS is unable to satisfy the requisite elements for application of laches. FBS maintains that laches is a viable defense against the Secretary's action because, here, the Secretary sues to enforce the rights of private individuals rather than rights of the United States government. FBS further contends that the requisite elements for application of laches exist.

The party moving to strike under authority of Fed.R.Civ.P. 12(f) bears a heavy burden. *See Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir.1977). The court may grant a motion to strike an affirmative defense only if no questions of law or fact exist and the defense sought to be stricken could not succeed under any set of circumstances. *Federal Deposit Insurance Corp. v. R–C Marketing and Leasing, Inc.*, 714 F.Supp. 1535, 1541 (D.Minn.1989).

It is well-settled that "laches does not apply in actions brought by the United States." *Bostwick Irrigation District v. United States*, 900 F.2d 1285, 1291 (8th Cir.1990) (citing *Guaranty Trust Co. v. United States*, 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224 (1938)). Courts have applied this principle to strike the affirmative defense of laches in ERISA actions brought by the Secretary against ERISA plan fiduciaries. *Dole v. Guido*, No. 89 Civ. 4953, 1991 WL 35843 at *4–5 (S.D.N.Y. March 14, 1991); *Donovan v. Cody*, 5 Empl. Ben. Cases (BNA) 1773 (E.D.N.Y.1984).

*Guido* and *Cody* do not address specifically the argument that laches may be applied where the Secretary sues to enforce the rights of private citizens. It is correct that courts, including our Supreme Court, have held that laches may be employed as

an affirmative defense against a government litigant when the government litigant

> is not the *real party* to the proceeding [and] [t]he process is *in the name* of the State, but the right asserted is a private right ...

*United States v. Beebe*, 127 U.S. 338, 346, 8 S.Ct. 1083, 1088, 32 L.Ed. 121 (1888) (citation omitted) (emphasis in original). However, the United States Court of Appeals for the Seventh Circuit has held that the Secretary possesses significant interests in ERISA enforcement litigation distinct from those held by private litigants:

> The congressional findings and declaration of policy [underlying ERISA] clearly indicate that Congress was not only concerned about the welfare of individual beneficiaries but was equally concerned with the impact of employee benefit plans on the stability of employment, the successful development of industrial relations, the revenues of the United States, the free flow of commerce, and the general welfare of the nation.

*Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 690–91 (7th Cir.1986). The court, therefore, rejects FBS's argument that laches may be applied against the Secretary in this action.

### ORDER

Based upon the foregoing, and all the files and arguments of counsel, IT IS ORDERED that the Secretary's motion to strike the affirmative defense of laches from FBS's reply to the Secretary's counterclaim is GRANTED.