Daniel S. FLEMING, et al., Plaintiffs,

v.

CARPENTERS/CONTRACTORS COOPERATION COMMITTEE, INC., Defendant.

Civ. No. 93–0341–E(CM).

United States District Court, S.D. California.

Sept. 9, 1993.

Michael E. Merrill, Stephen J. Schultz, Mark T. Bennett, Merrill, Schultz & Wolds, Ltd., San Diego, CA, for plaintiffs.

Patrick T. Connor, De Carlo, Connor & Selvo, Los Angeles, CA, for defendant Carpenters/Contractors Co-op. Committee, Inc.

### MEMORANDUM DECISION AND ORDER

ENRIGHT, District Judge.

### BACKGROUND

Defendant, Carpenter/Contractors Cooperation Committee ("CCC"), is an employer subject to the provisions of the FLSA. Plaintiffs, Harris and Fleming, were employees within the meaning of the FLSA. Both plaintiffs were employed as field investigators. They each worked more than forty hours during certain workweeks for which they were not paid overtime compensation.

Plaintiffs argue they are entitled to partial summary judgment because the undisputed facts establish that CCC has violated the overtime provisions of the FLSA. Defendant argues that plaintiffs are not entitled to summary judgment because there are factual disputes concerning whether plaintiffs hold an administrative position which exempts them from overtime pay. Plaintiffs argue that the undisputed facts establish that they did not hold administrative positions and, therefore, they are not exempt from the overtime pay requirements.

### I. APPLICABLE LAW

#### A. Motion for Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) mandates the entry of summary judgment against a party which "fails to make a show-

ing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party moving for summary judgment bears the burden of proving that there is no genuine issue of material fact and that judgment may be entered as a matter of law. *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir.1987).

"[A] party opposing a properly supported motion for summary judgment ... 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (*citing* Fed.R.Civ.P. 56(e)) (footnotes omitted). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* at 255, 106 S.Ct. at 2513. Partial Summary Judgment may be granted pursuant to Fed.R.Civ.P. 56(d).

### B. *Law on FLSA "Administrative Exemption"*

■ As a general rule, the remedial provisions of the FLSA are to be given a liberal interpretation and exemptions from them are to be narrowly construed. *Kinney v. District of Columbia*, 994 F.2d 6, 11 (D.C.Cir. 1993).

■ However, the FLSA does exclude from its protection "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The administrative exemption is an affirmative defense for which the defendant bears the burden of proof. *See Service Employees Int'l Union, Local 102 v. County of San Diego*, 784 F.Supp. 1503, 1509 (S.D.Cal.1992); *Abshire v. County of Kern*, 908 F.2d 483, 485–86 (9th Cir.1990). The employer must show that the employee fits plainly and unmistakably within (the exemption's) terms. *Id.*

The administrative regulations promulgated pursuant to FLSA establish a "duties test" and a "salary test" for determining whether an employee is subject to the admin-

istrative exemption. *Id.* at 484 (citing 29 C.F.R. § 541.1(a–e); 29 C.F.R. 541.1(f). In order to qualify the employee for the exemption, an employer must prove that the employee meets both the duties and the salary tests. *Ahern v. New York*, 807 F.Supp. 919, 923 (N.D.N.Y.1992). To prove that the employees pass these tests, the employer must prove that the employees for whom it claims the administrative exemption:

i) primarily perform "office or non-manual work directly related to management policies or general business operations, of the employer;

ii) customarily and regularly exercise discretion and independent judgment in performing those duties; and

iii) were compensated on a *salary* or fee basis of not less than $250 per week. *Id.*

■ Plaintiffs argue that they are entitled to summary judgment because the undisputed facts demonstrate that they fail both the "salary" and the "duties" tests, and are, therefore, not covered by the administrative exemption. Defendant argues that there are factual issues concerning whether plaintiffs were salaried employees and whether they performed the necessary administrative-type duties.

## II. DISCUSSION

### A. Salary Test

For an employee to be considered to be paid on a salary basis, the regulations provide that the employee receive a "predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of work performed." 29 C.F.R. § 541.118(a)(1). According to the regulations and case law, an employee is not paid on a salary basis if any of the following policies are present:

1) An employee's compensation is based on an hourly rate; *See SEIU, Local 102*, 784 F.Supp. at 1510, 1511.

2) An employee's absence for less than a day subjects the employee to a possible deduction from his pay or a possible reduction

in accumulated sick leave or vacation time. *Id.*

3) An employee is subject to disciplinary suspensions without pay for other than major safety violations. *Id.*

4) An employee's "salary" is subject to deductions because of absences caused by jury duty, attendance as a witness, or temporary military leave. 29 C.F.R. § 541.-118(a)(4).

Plaintiffs argue that all of these policies are present in their case, and, therefore, they do not qualify for the administrative exemption.

### 1) *Hourly Rate*

Plaintiffs argue that defendant cannot carry its burden of proving that the plaintiffs were paid a predetermined amount, as opposed to an hourly rate. *SEIU, Local 102,* 784 F.Supp. at 1511.

Plaintiffs were generally paid for 86.5 hours of work per pay period (twice a month). Calculated at an hourly rate, plaintiffs initially were paid $23.36 per hour. Plaintiffs allegedly were told they would be paid the equivalent of a carpenter journeyman's straight time hourly rate plus the hourly contribution rate for the vacation benefit. Their pay rate was equivalent to the hourly rate received by a journeyman carpenter. When the journeyman carpenters received a raise, plaintiffs' compensation automatically increased to $24.31 per hour.

Plaintiffs' pay stubs indicate that their compensation was based on the number of hours they worked that week. Their paychecks show that they were paid less during certain workweeks when they were suspended without pay or missed part of a day of work. For example, plaintiff Harris received payment for 46.5 and 32 hours during two of his pay periods. Plaintiff Fleming received payment for 16 hours one pay period. Thus, plaintiffs argue that they were not salaried employees because their compensation was based on the number of hours worked multiplied by an agreed hourly rate of pay. *See id.*

Defendant argues that, unlike the plaintiffs in *SEIU, Local 102,* plaintiffs were paid a predetermined amount each week regardless of the number of hours worked.

However, defendant's position conflicts with the plaintiffs' pay stubs which indicate that the amount of plaintiffs' compensation was based on the number of hours worked. Thus, this court finds that plaintiffs were paid on an hourly basis.

### 2) *Absence of Less than a Day is Counted as Deduction in Pay or Against Accrued Sick Leave*

Plaintiff Fleming argues that he took two half-days of vacation. On both occasions, he worked for CCC in the morning and took time off in the afternoon. He alleges that these half-days were charged against his vacation time.

Defendant argues that plaintiff was never forced to use his vacation time to cover the two half-days. Rather, it argues that it simply honored plaintiff's request to use two half-days of vacation. Regardless of whether plaintiff made the request or defendant acted on its own initiative, the undisputed fact is that plaintiff's absence of less than a day was accrued against his vacation time. This is another reason that this court finds that plaintiffs were not paid on an hourly basis.

### 3) *Disciplinary Suspensions*

It is undisputed that plaintiffs suffered disciplinary suspensions because of the perceived poor quality of the work they performed. This court follows the reasoning of the Seventh and Ninth circuits, which have held that the imposition of disciplinary suspensions without pay is inconsistent with the concept of compensation on a salary basis. *Klein v. Rush–Presbyterian–St. Luke's Medical Center,* 990 F.2d 279, 286 (7th Cir.1993); *Abshire,* 908 F.2d at 487; *SEIU, Local 102,* 784 F.Supp. at 1510.

### 4) *Reduction for Military Leave, etc.*

Additionally, as field investigators, plaintiffs' compensation is subject to being reduced for temporary military leave and jury service in excess of two weeks and for attendance as a witness at a trial for more than two days. Despite defendant's argument to the contrary, these policies are contrary to the federal regulations under the FLSA.

See 29 C.F.R. 541.118(a)(4); *Yourman v. Dinkins*, 826 F.Supp. 736 (S.D.N.Y.1993).

## CONCLUSION

A review of defendant's policies indicates that plaintiffs were treated as employees paid on an hourly basis. The most persuasive evidence to this court is the fact that plaintiffs' pay stubs reflect that they were only paid for hours they worked in a week. They did not receive a predetermined amount as salaried employees would. Thus, in light of the policy to construe exemptions narrowly and the lack of evidence presented by defendant, this court finds that plaintiffs were not salaried employees. Therefore, plaintiffs fail the "salary test" and are not exempt from overtime pay under the FLSA.

## B. *Duty Test*

■ The fact that plaintiffs fail the "salary test" is dispositive on the administrative exemption issue. However, the court will briefly review the parties' positions on the "duties test."

Plaintiffs argue that defendant cannot prove they performed sufficient administrative duties to exempt them from the overtime provisions. The regulations limit the exemption to those who perform activities "directly related to management policies and general business operations." The regulations state that these are the types of activities that relate to the administrative operations of a business as distinguished from the production, or in a retail or service establishment, "sales work." 29 C.F.R. § 541.205(a)(1); *Bratt v. County of Los Angeles*, 912 F.2d 1066, 1070 (9th Cir.1990). *Id.*

Plaintiffs argue that they were merely "production" employees because they were not engaged in running the business or determining the overall course of its policies. *See id.* Rather, they argue that they were engaged in the day-to-day carrying out of CCC's mission of finding and reporting labor law violations committed by contractors on public work projects. In *Bratt*, the Ninth Circuit found that probation officers were not exempt from the payment of overtime where their duties involved conducting factual investigations and making recommendations to aid in sentencing.

Plaintiffs cite two cases closely on point, where the court determined that investigators, who performed similar work to plaintiffs in this case, failed the "duties test" for administrative employees because their duties involved producing the commodity that the enterprise existed to produce and market. *Ahern*, 807 F.Supp. at 926; *Gusdonovich v. Business Information Co.*, 705 F.Supp. 262 (W.D.Pa.1985). In *Gusdonovich*, the employer was in the business of investigating and collecting information for insurance companies, businesses and individuals. The court found that:

> (the employer's) business is "producing" information for its clients, and the plaintiff's duties consisted almost entirely of gathering the "product." Thus, it appears to the court that the plaintiff was engaged in "production" within the meaning of the regulation. *Id.*

Similarly, in *Ahern* the plaintiffs were investigators for the New York state police. The primary duties of these investigators were prevention, investigation and detection of serious violations of the criminal laws. The court viewed the *Ahern* plaintiffs as production employees because they performed the law enforcement service that the New York state police exists to produce. 807 F.Supp. at 926.

Plaintiffs in this case argue that similar to the plaintiffs in *Ahern* and *Gusdonovich*, they are production employees because their jobs were to investigate public work projects for violation of prevailing wage laws and file complaints with the appropriate agency. Thus, their jobs were to enforce the policies set by defendant.

In contrast, defendant alleges that field investigators' duties included work that is directly related to management policies because the work affects the policy at CCC. It argues that field investigators' advice is critical to CCC in fulfilling its role as a labor-management cooperation committee. They argue that field advisors exercise independent judgment concerning the enforcement of the policies. Without them, defendant

notes that the policies of the CCC would not be carried out.

### CONCLUSION

This court finds that plaintiffs also fail the "duties test." Plaintiffs' position is well reasoned and supported by the law. Defendant concedes that without field investigators, defendant's policies would not be carried out. Therefore, plaintiffs are "production employees" and did not perform the administrative duties necessary to qualify for the exemption.

Defendant cites a few cases in support of its position that plaintiffs are administrative employees, but none of the employees involved were performing "production functions." Rather, the cases all involve situations where the employees were enforcing policies that did not relate directly to the production of the service offered by the defendant. In contrast, it is undisputed that plaintiffs in this case were engaged in the day-to-day operations of carrying out CCC's business of enforcing federal and state labor laws. Thus, the reasoning in *Bratt, Gusdonovich,* and *Ahern* applies. Plaintiffs are production, as opposed to administrative, employees and the administrative exemption does not apply.

### III. DISCUSSION OF PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSE OF LACHES PURSUANT TO RULE 12(f)

■ Under Fed.R.Civ.P. 12(f), a motion to strike an affirmative defense should be granted where there are no questions of fact and where the defense asserted cannot succeed under any set of circumstances. *First Bank System, Inc. v. Martin,* 782 F.Supp. 425, 426 (D.Minn.1991). Plaintiffs argue that their motion to strike the laches affirmative defense meets this standard.

A suit by individual employees to recover overtime compensation is governed by a two-year statute of limitations for non-willful violations and a three year statute of limitations for willful violations. *Portal–to–Portal Act* § 6(a), 29 U.S.C. § 255(a). A violation is willful if CCC either knew or showed reckless disregard for whether its conduct was prohibited by the FLSA. *SEIU, Local 102.*

Plaintiffs allege a willful violation and, therefore, are governed by the three year statute of limitations.

The doctrine of laches is inapplicable where Congress has provided a statute of limitations to govern certain actions. *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 586 (9th Cir.1993). Thus, since actions under the FLSA are subject to the statute of limitations in the Portal–to–Portal Act, defendant has raised laches in error in this case.

Therefore, plaintiffs' motion to strike the laches affirmative defense is granted.

### IV. PLAINTIFFS' MOTION FOR RULE 11 SANCTIONS

■ Plaintiffs move for sanctions pursuant to Rule 11 on the grounds that defendant should have known that laches did not apply in this case. Federal Rule of Civil Procedure 11 provides that a court shall impose sanctions, which may include the payment of the opposing party's attorney fees where a pleading or other paper has been submitted without reasonable inquiry to determine that it is well grounded in fact and that it is warranted by existing law or a good faith argument for the modification of existing law. Sanctions must be imposed on the signer of a paper if either: a) the paper is filed for an improper purpose; or b) the paper is frivolous. *See Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1367 (9th Cir.1990).

This court agrees that after the *Miller* decision, defendant had no justifiable basis upon which to resist the motion to strike the laches defense. *Miller* is cited in the plaintiffs' opening memorandum in support of its motion for partial summary judgment and in their motion to strike the laches defense. Thus, defendant had no reasonable basis for submitting its opposition to the motion to strike.

Sanctions are therefore appropriate. Plaintiffs are entitled to recover the costs associated with preparing their reply brief to their motion for partial summary judgment on the laches issue.

### V. ATTORNEYS' FEES

Plaintiffs seek attorneys' fees on the grounds that the FLSA § 16(b), 29 U.S.C. § 216(b) provides for an award of attorneys' fees to the prevailing party in an action for overtime pay. Pursuant to these provisions, the court finds that plaintiffs are entitled to the reasonable attorneys' fees associated in bringing the motion for partial summary judgment on the overtime pay issue.

### SUMMARY

Plaintiffs are not exempt from overtime pay. They do not qualify for the administrative exemption because they fail both the salary and the duties tests.

First, the undisputed facts establish that plaintiffs were not salaried employees. The defendant has not presented any evidence indicating that the plaintiffs were salaried. To the contrary, defendant has policies which violate all the requirements set out in the regulations and case law for salaried employees.

Second, the court finds that plaintiffs fail the "duties test." Plaintiffs are production, as opposed to administrative, employees.

Therefore, this court grants plaintiffs' motion for partial summary judgment on the issue of overtime pay.

Plaintiffs' motions to strike the laches defense and for Rule 11 sanctions are granted. Plaintiffs' request for attorneys' fees is granted pursuant to 29 U.S.C. § 216(b).