Robert B. REICH, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

AMERICAN INTERNATIONAL ADJUSTMENT COMPANY, INC. and American International Group, Defendants.

Civ. No. 2:91CV899 (AVC).

United States District Court, D. Connecticut.

July 21, 1994.

Albert H. Ross, U.S. Dept. of Labor Office of the Regional Solicitor, Boston, MA, Paul J. Katz, U.S. Department of Labor Office of the Solicitor, Boston, MA, for plaintiff.

P. Kevin Connelly, Connelly, Sheehan & Moran, Chicago, IL, David G. Hetzel, Michael Pollard Thompson, LeBoeuf, Lamb, Greene & MacRae, Hartford, CT, for American Intern. Group.

P. Kevin Connelly, Connelly, Sheehan & Moran, Chicago, IL, Michael Pollard Thompson, LeBoeuf, Lamb, Greene & MacRae,

Hartford, CT, for American Intern. Adjustment Co. Inc.

## DECISION OF THE COURT

COVELLO, District Judge.

This is an action for unpaid wages and liquidated damages brought pursuant to sections 15(a)(2) and 16(c) of the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, 29 U.S.C. § 201 *et seq.*[1] The plaintiff alleges that the defendants are violating provisions of section 15(a)(2) of the FLSA because they are employing automobile damage appraisers for work weeks longer than forty hours without compensating them with overtime pay for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which they are paid. On February 24, 1994, the defendants moved for summary judgment. The court denied the defendants' motion without prejudice. Further, the court gave the defendants an opportunity to more fully address the issues and requested that the defendants file a memorandum of law to show cause why the court should not, sua sponte, enter summary judgment for the plaintiff. The issue presented is whether the appraisers qualify for an administrative exemption from overtime pay under the FLSA. On the defendants request for reconsideration, the court's prior denial of the defendant's motion for summary judgment remains the same. Further, the court, sua sponte, grants summary judgment for the plaintiff.

## FACTS

The following facts are undisputed. Automobile damage appraisers are employed by the defendants to determine the cost to repair damaged vehicles. Their job can be described as follows. After the defendants assign them the name and address of a policyholder with a damaged vehicle, the appraiser makes an appointment to travel to where the vehicle is located, inspect the vehi-

cle, determine what parts must be replaced or repaired, estimate the cost of repair using company manuals and negotiate, if necessary, with a local body repair shop to arrive at an agreed upon price to perform the work.

The appraisers routinely work over 40 hours per week but the defendants, claiming that the administrative exemption applies, do not pay these employees overtime compensation.

## STANDARD

Summary judgment is appropriately granted when the evidentiary record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non moving party. *See Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). A plaintiff raises a genuine issue of material fact if "the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Rule 56(c) "provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Liberty Lobby, supra,* at 247–48, 106 S.Ct. at 2510 (emphasis in original). The Supreme Court has noted that:

Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial,

---

1. 29 U.S.C. § 207(a)(1) provides:

    Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate no less than one and

    one-half times the regular rate at which he is employed....
    29 U.S.C. § 213(a) provides:
    The provisions of section[ ] 207 of this title shall not apply with respect to—(1) any employee employed in a bona fide ... administrative ... capacity....

that the claims and defenses have no factual basis.

*Celotex v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims ... [and] it should be interpreted in a way that allows it to accomplish this purpose." *Celotex v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

## DISCUSSION

The FLSA provides for an administrative exemption from overtime pay. "That statutory exemption provides as follows: 'The provisions of ... section 207 [maximum hours and overtime requirements] shall not apply with respect to ... any employee employed in a bona fide ... administrative ... capacity ... as ... defined and delimited from time to time by regulation by the Secretary....' " *Martin v. Cooper Electric Supply Co.,* 940 F.2d 896, 901 (3rd Cir.1991) (quoting 29 U.S.C. § 213(a)(1)). The United States Department of Labor regulations employ a long test and short test to determine whether an employee has bona fide administrative employee status under the statutory exemption. *See Cooper Electric Supply Co.,* 940 F.2d at 901. The parties agree that the short test applies here because the appraisers earn a salary of more than $250 per week. *See id.* The short test is met if: "(1) the employee's 'primary duty consists of either performances of office or nonmanual work directly related to management policies or general business operations of the employer or employer's customers'; and (2) 'such primary duty includes work requiring the exercise of

discretion and independent judgement.' " *Id.* (quoting 29 C.F.R. § 541.214(a)).[2]

The parties agree that the appraisers perform nonmanual work. The parties disagree, however, with respect to the remainder of the elements of the short test. The court's ruling of May 11 only addressed the second part of the short test, i.e., the appraisers' primary duty includes work requiring the exercise of discretion and independent judgment. In the present ruling, the court will address both parts of the short test, beginning with the requirement of discretion and independent judgment.

■ Neither party has cited any cases that are directly on point with respect to this specific job description, i.e., automobile damage appraisers, nor is the court aware of any.[3] Accordingly, both parties have made their arguments via analogy to rulings dealing with different jobs. In its May 11 ruling, the court noted that the plaintiff and the defendant had both cited the Department of Labor's Field Operation Handbook,[4] which provides interpretations of the applicable regulations. The handbook provides in part:

22d SPECIFIC OCCUPATIONS—541.1, 541.2, 541.3

22d01 *Auto damage appraisers.* Appraisers whose functions are to inspect damaged motor vehicles in order to estimate the cost of the necessary repairs, and who also reached an "agreed" price with the repair shop on the cost of repairs, do not customarily and regularly exercise discretion and independent judgment as required by Reg. 541.2. Their work consists essentially of the determination of facts,

---

**2.** For purposes of this motion, one of the principal differences between the short test, applicable here, and the long test is that the latter requires that discretion and independent judgment be exercised "customarily and regularly." The short test utilizes the less stringent standard requiring that the primary duty *include* the exercise of discretion and independent judgment. *See* 29 C.F.R. § 541.2 and 541.214.

**3.** Although the defendant cited various cases and statutes concerning insurance adjusters, the court concludes that these references have limited value because of the difference in the nature of the two jobs, i.e., adjusters and appraisers.

**4.** The defendants argued that because the Department used the "long test" terms of art, "customarily and regularly," this section clearly establishes that appraisers are not exempt under the long test. Although the "short test" is the standard to be used in this matter, the court agrees. The defendants next argued that the last sentence of this section establishes that appraisers would be exempt, however, under the short test (upset salary rule). The plaintiff responded that the defendants must point to additional or exceptional "elements in the job" that would bring it outside of the general proposition that appraisers are non-exempt employees.

and in making their estimates they are guided primarily by their skill and experience and by written manuals of established labor and material costs. However, there may be sufficient elements in the job to permit the application of the upset salary rule.

In their memorandum in response to the court's order to show cause, the defendants claim that the handbook does not address AIAC's appraisers in particular and is not, in any event, authoritative. The court, however, recognized in its May 11 ruling that the Department of Labor's interpretations of the regulations are "entitled to considerable weight because they constitute a body of experience and informed judgment to which courts ... may properly resort for guidance." *Reich v. State of New York,* 3 F.3d 581, 588 (2d Cir.1993) (citation omitted). *See Chevron U.S.A. v. Natural Res. Def. Council,* 467 U.S. 837, 844–45, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984) (must give considerable weight to an agency's construction of the statutory sections it is entrusted to administer); *Downtown Medical Center v. Bowen,* 944 F.2d 756 (10th Cir.1991) (department's interpretation is ordinarily entitled to considerable deference unless it is plainly inconsistent with the clear meaning of the statute and regulations or unreasonable). The court concluded that under a fair reading of the handbook, the essence of an appraiser's job does not include the use of discretion and independent judgment.

■ The short test provides that the appraiser's *primary duty* must *include* work requiring the exercise of discretion and independent judgement. The defendants bear "the burden of proving that the duties of the [appraisers] place them within the administrative exemption. And, consistent with the remedial purposes of the FLSA, we do not give FLSA exemptions generous application." *Reich v. State of New York,* 3 F.3d 581, 586–87 (2d Cir.1993) (citations omitted). The exempt employee must exercise discretion and independent judgment which is "real and substantial." 29 C.F.R. § 541.207(d)(1). The defendants argue, citing the Secretary of Labor's deposition, that the appraisers spend at least 10–20% of their time in negotiations over the price to repair damaged vehicles. According to the defendants, this negotiation involves the use of discretion and independent judgment at a level sufficient to satisfy the exemption. The court disagrees.

FLSA regulations conclude that the use of skill is to be clearly distinguished from work requiring discretion and independent judgment. "Perhaps the most frequent cause of misapplication of the term 'discretion and independent judgment' is the failure to distinguish it from the use of skill in various respects." 29 C.F.R. § 541.207(c).

The handbook states that the essence of an appraiser's job is "the determination of facts, and in making their estimates they are guided primarily by their skill and experience and by written manuals of established labor and material costs." *See Dalheim v. KDFW–TV,* 918 F.2d 1220, 1229 (distinguishing non-exempt skill of news producers from the discretion and independent judgment). Any discretion the appraisers exercise during negotiations fails to rise to the level required for application of the statutory administrative employee exemption. The essence of the appraisers' duties involve fact finding to determine the cost of repair. They are guided in those duties by skill and experience and by manuals which provide established labor and material costs. While the adjusters negotiate and settle claims with the insured and deal with issues of coverage or liability, the appraisers are the fact finders.

■ In its May 11 ruling, the court also asked the defendant to show cause why summary judgment should not issue against them with respect to part one of the short test. That part of the test is satisfied when the employee's "primary duty consists of either the performance of office or nonmanual work directly related to management policies or general business operations of the employer or the employer's customers." 29 C.F.R. § 541.214(a). The parties agree that the appraisers perform nonmanual work. The issue is whether the appraisers' primary duty consists of work directly related to general business operations of the employer or the employer's customers.

The defendants argue that the central focus of the appraisers' job is negotiation on behalf of the employer. The defendants assert that the appraisers' primary duties are directly related to AIAC's general business operations. It is undisputed that the appraisers work is "important" to AIAC's ability to do business. Their primary duties, however, are not directly related to AIAC's general business operations. Appraisers gather facts and determine the cost of repair to damaged automobiles. Rather than administratively running the business, they carry out the daily affairs of AIAC.

The plaintiff points to a production/administrative test to distinguish nonexempt from exempt activities. Under that test, employees fulfilling the administrative operations of the business are exempt, while those involved in production are not. The courts have held that the "concept of 'production' in 29 C.F.R. § 541.205(a)'s administrative/productive work dichotomy ... is not limited to manufacturing activities." *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 903 (3d Cir.1991), *cert. denied*, 503 U.S. 936, 112 S.Ct. 1473, 117 L.Ed.2d 617 (1992). The defendant argues that this test should not apply because the business of AIAC does not involve "production." The Second Circuit Court of Appeals has recognized, however, the usefulness of the test to a non-manufacturing setting. *See Reich v. State of New York*, 3 F.3d 581, 588 (2d Cir.1993) (applying the production/administrative dichotomy to the employment of criminal investigators of the state police and finding the investigators nonexempt because their primary duty was to "produce" criminal investigations); *see also Martin*, 940 F.2d at 903 (applying the test to sales persons); *Dalheim*, 918 F.2d at 1230 (applying the test to television producers); *Gusdonovich v. Business Information Co.*, 705 F.Supp. 262 (W.D.Pa.1985) (applying test to insurance claims investigator).

AIAC is in the business of resolving damage claims. The appraisers perform the day-to-day activities of the business through their fact finding and damage evaluations. The appraisers do not administer the business of AIAC.

■ In addition to describing those positions relating to the administrative operations of a business, the phrase "directly related to management policies or general business operations" limits the exemption to employees who perform work of substantial importance to the management or operation of the business. 29 C.F.R. § 541.205(a). The FLSA regulations give an example that is of some guidance in this case. The regulations use an insurance inspector as an example. While such an employee "may cause loss to his employer for failure to perform his job properly ... such employees, obviously, are not performing work of such substantial importance to the management or operation of the business that it can be said to be 'directly related to management policies or general business operations' as that phrase is used in § 541.2." *Id.* The AIAC appraiser may cause loss to the business upon a faulty cost appraisal. The service provided by the appraiser, however, is not of such substantial importance to the operation of the business that it can be said to be directly related to general business operations.

Whether an employee qualifies for the administrative exemption is a mixed question of fact and law. " 'The question of how the [Employees] spent their working time ... is a question of fact.... The question of whether their particular activities excluded them from the overtime benefits of the Fair Labor Standards Act is a question of law'...." *Bratt v. County of Los Angeles*, 912 F.2d 1066, 1068 (9th Cir.1990) (quoting *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714, 106 S.Ct. 1527, 1530, 89 L.Ed.2d 739 (1986)). In this matter, the parties are in agreement as to the nature of the appraisers' job duties. They disagree, however, as to the result when the short test is applied to those facts. The court, therefore, views this case as one in which the issue is one strictly of law.[5] *See Sherwood v. Washington Post*,

---

5. Although the plaintiff filed a statement of material facts in which it contended there exists genuine issues of material fact, the disputes listed are questions of law that raise questions of the applicability of the short test to the job in question. It does not raise any issues concerning disputes as to how the appraisers spend their time at work but only as to whether, given an agreement as to

871 F.2d 1144, 1147–48 (D.C.Cir.1989) (district court must either establish that there are no genuine issues of material fact, thus warranting summary judgment, or to try the case fully so that its findings may be reviewed).

### CONCLUSION

Upon reconsideration of the defendants' motion for summary judgment, the court's May 11 ruling denying the defendants' motion remains. For the foregoing reasons, the court now, sua sponte, enters summary judgment for the plaintiff as to the issue of liability.

SO ORDERED.

the nature of the appraisers' jobs, the exemption applied. Similarly, the defendants, in their statement of material facts, assert that the appraisers exercise the sufficient level of discretion and independent control to qualify for the exemption. This assertion concerns a question of law rather than fact.