[682 NYS2d 304]

In the Matter of SCOTT WETZEL SERVICES, INC., Petitioner, v
NEW YORK STATE BOARD OF INDUSTRIAL APPEALS et al.,
Respondents.

Third Department, December 24, 1998

## APPEARANCES OF COUNSEL

*Whiteman, Osterman & Hanna,* Albany (*Beth A. Bourassa* of counsel), for petitioner.

*Dennis C. Vacco, Attorney-General,* New York City (*Richard Balletta* of counsel), for respondents.

## OPINION OF THE COURT

WHITE, J.

The issue we confront in this proceeding is whether certain employees of petitioner are employed in an administrative capacity and thus are exempt from the overtime pay requirements set forth in the Fair Labor Standards Act of 1938 ([hereinafter FLSA] 29 USC § 201 *et seq.*).* Petitioner is a nationwide company with a branch office in the City of Albany which administers workers' compensation and general liability claims for self-insured employers and businesses. Among its employees in its Albany branch office were six claims examiners (hereinafter collectively referred to as the examiners) who were independently responsible for administering and settling claims within the limits of their delegated authority.

In response to a complaint, the Department of Labor undertook an investigation to determine whether the examiners were entitled to overtime pay. It determined that they were and issued a notice of Labor Law violation to petitioner followed by an order to comply directing petitioner to pay $22,803.80 in wages and interest and assessing a civil penalty of $4,550. Petitioner sought administrative review from respondent State Board of Industrial Appeals (hereinafter the Board) which, after an evidentiary hearing, modified the order by reducing the amount of wages due to $9,321.29 and the

---

* An employer is obligated to pay an employee overtime pay in the manner and method provided in and subject to the exemptions set forth in the FLSA (12 NYCRR 142-2.2).

penalty to $500. Alleging that the Board's determination that the examiners were not exempt from FLSA's reach was not supported by substantial evidence, petitioner commenced this CPLR article 78 proceeding.

Our analysis begins with the FLSA, which provides that an employer does not have to pay overtime to any employee employed in a bona fide executive, administrative or professional capacity as those terms are defined by the regulations of the Secretary of Labor (29 USC § 213 [a] [1]). The parties agree that whether the examiners were employed in an administrative capacity depends upon whether they fell within the short test outlined in the Secretary's regulations (29 CFR 541.2 [e] [2]). The inquiry under this test is whether the employee's primary duty consists of either the performance of office or non-manual work directly related to the management policies or the general business operations of the employer or the employer's customers, and whether the performance of such duty includes work requiring the exercise of discretion and independent judgment (29 CFR 541.214 [a]). Before applying this two-prong test, we note that the administrative exemption is narrowly construed against the employer and will be applied only where the employee fits plainly and unmistakably within its terms (*see, Reich v John Alden Life Ins. Co.*, 126 F3d 1, 7). In addition, the employer bears the ultimate burden of establishing that its employee falls within the exemption (*see, id.*).

Our concern is with the first prong of the test. An employee's duties are directly related to the employer's management policies or general business operations when they involve the administrative operation of the business as distinguished from production work (29 CFR 541.205 [a]). In applying this production/administrative dichotomy, it is necessary to identify the nature of the employer's business to ascertain whether the employee's job is to produce the product or services the employer's business offers to the public or whether the employee is engaged in servicing the business by performing such tasks as advising management, planning, negotiating, representing the company, purchasing, promoting sales and business research and control (*see, Martin v Cooper Elec. Supply Co.*, 940 F2d 896, 903, *cert denied* 503 US 936; *Cooke v General Dynamics Corp.*, 993 F Supp 56, 61; *see also*, 29 CFR 541.205 [b]).

To illustrate, automobile damage appraisers employed by an adjustment company whose business was resolving automobile

damage claims were deemed nonexempt production workers since they performed the company's daily tasks rather than administering its business (see, *Reich v American Intl. Adj. Co.*, 902 F Supp 321, 325; *see also, Gusdonovich v Business Information Co.*, 705 F Supp 262). State Police investigators were also deemed nonexempt production workers since the State Police's business is law enforcement and the primary function of the investigators was to conduct or produce criminal investigations and not to administer the affairs of the Bureau of Criminal Investigation (see, *Reich v State of New York*, 3 F3d 581, 587, *cert denied* 510 US 1163). In contrast, a customer service coordinator for a moving company was an exempt administrative employee because she was not involved in producing the employer's service of moving goods from point A to point B (see, *Haywood v North Am. Van Lines*, 121 F3d 1066, 1072, n 6).

As stated, petitioner's business was the administration, settlement and payment of workers' compensation and general liability claims on behalf of its clients while the examiners' function was to independently administer and settle the claims within the limits of their delegated authority. Thus, we find they are production workers inasmuch as they produce the product petitioner offers to the public. While petitioner points to holdings that an adjuster for an insurance company is an administrative employee (*Blinston v Hartford Acc. & Indem. Co.*, 441 F2d 1365), our finding is not in conflict since such adjusters are not involved in producing insurance policies, the commodity that an insurance company exists to produce and market (see, *Dalheim v KDFW-TV*, 918 F2d 1220, 1230). Therefore, as petitioner failed to satisfy the first prong of the short test, we conclude that the Board's finding that the examiners were not exempt administrative personnel is supported by substantial evidence.

Petitioner nonetheless maintains that the Board's determination is flawed because it omitted any reference to the services the examiners performed for its customers. We reject this argument for the reason that, other than an allusion that its major client was the Grand Union supermarket chain, petitioner offered no evidence showing that the examiners' work was directly related to the management policies or general business operations of its customers (see, 29 CFR 541.214 [a]).

Lastly, we shall not consider petitioner's claim that the Board erred in calculating the wages due two examiners because it was for the Board to resolve the conflicting testimony

on this issue (see, *Matter of Andrew F. Capoccia, P. C. v Industrial Bd. of Appeals*, 205 AD2d 830).

For these reasons, we confirm the Board's determination.

MIKOLL, J. P., MERCURE, YESAWICH JR. and PETERS, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.